1450

[Cite as *02/03/2004 Case Announcements #2*, 2004-Ohio-409.]

## CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS

### February 3, 2004

## MOTION AND PROCEDURAL RULINGS

1987–1879.   State v. Roe.
Franklin App. No. 86AP–59. Upon consideration of appellant's pro se motion for stay of execution, IT IS ORDERED by the court that the motion for stay be, and hereby is, denied.

[Cite as *02/05/2004 Case Announcements,* 2004-Ohio-446.]

## CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS

### February 5, 2004

## MOTION AND PROCEDURAL RULINGS

2003–0300.   Darby v. A–Best Products Co.
Cuyahoga App. No. 81270, 2002-Ohio-7070. This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County. Whereas the court finds that supplemental briefing is necessary,

IT IS ORDERED by the court, sua sponte, that the parties brief the following issues:

1. What criteria should a trial court consider in deciding a motion to add additional parties filed pursuant to either Civ.R. 15 or Civ.R. 21? Specifically, should an Ohio trial court consider the merits of a substantive defense in determining a motion to add additional parties? Or should resolution of the merits of a substantive defense be deferred for consideration of a subsequent Civ.R. 12(B)(6) or other motion?

2. What standard of review should an appellate court employ in reviewing the denial of a motion to add party-defendants?

3. Assuming, arguendo, that the doctrine of federal preemption bars plaintiff-appellant's claims in the case at bar, is the denial of plaintiff-appellant's motion to add party-defendants otherwise supportable?

IT IS FURTHER ORDERED by the court that appellant's supplemental brief shall be filed within 20 days of the date of this entry; appellees' supplemental briefs shall be filed within 10 days of the filing of appellant's supplemental brief; and appellant may file a reply brief within 5 days of the filing of appellees' supplemental briefs.

IT IS FURTHER ORDERED that no extensions of time shall be permitted for the filing of supplemental briefs, and the parties shall otherwise comply with S.Ct.Prac.R. VI.

FREDERICK N. YOUNG, J., of the Second Appellate District, sitting for O'DONNELL, J.

## MISCELLANEOUS DISMISSALS

2003–2149.   Elsen v. Schwartz.
Hamilton App. Nos. C–030157 and C–030373. This cause is pending before the court as a discretionary appeal. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.